UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

CARMEN HUNTER, an individual, )
CARMEN HUNTER, as agent in fact, of )
TRUCILLA A. GALLOWAY )
    Plaintiff, )
     )
v. )
     )
     )
     )
SOCIAL SECURITY ADMINISTRATION )
    Defendant. )
     )
_____/ )

## COMPLAINT

Plaintiffs, CARMEN HUNTER, individually (hereinafter known as "HUNTER"), and CARMEN HUNTER, agent-in-fact, of TRUCILLA A. GALLOWAY (hereinafter known as "GALLOWAY") hereby sues Defendant, SOCIAL SECURITY ADMINISTRATION ("SSA"), and alleges as follows:

### NATURE OF ACTION

1. This action is brought under 42 U.S.C. § 1007 et seq., and Title II of the Americans with Disabilities Act, as amended, to redress Defendant's unlawful denial of representative payee status to Ms. Hunter, subsequent denial of benefits to GALLOWAY, and failure to provide a reasonable accommodation of Galloway's disability.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343.

1

3. Defendant's unlawful conduct was committed within the jurisdiction of the Jacksonville Division of the United States District Court for the Middle District of Florida.

## PARTIES

4. Hunter resided in and is a citizen of Duval County, Florida at all times material to this action.

5. Hunter is the biological daughter of the Trucilla Galloway.

6. Galloway suffers from dementia, plus Alzheimer's and has named her daughter, Carmen Hunter as her agent in fact, through the granting of a duly executed Power of Attorney, a copy of which is attached hereto as exhibit A.

7. At all times material hereto Ms. Galloway is a "qualified individual with a disability" under the Americans with Disabilities Act of 1990.

8. Galloway at the time of the filing of this action resides in Jacksonville, Florida with her daughter, Carmen Hunter.

9. Defendant, SSA, is a division of the United States Government responsible for administrating the deposit of Social Security Benefits.

## FACTUAL BACKGROUND

10. Title II of the Americans with Disabilities Act (ADA) prohibits discrimination on the basis of disability in all of a public entity's services, programs, and activities. 42 U.S.C.S. § 12132; The requirements under Title II of the ADA are make reasonable modifications of policies, practices, and procedures in order to reasonably accommodate an individuals disability.

11. Furthermore, A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of

disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

12. In order to state a Title II claim, a plaintiff generally must prove (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

13. Ms. Trucila Galloway is diagnosed with dementia, and Alzheimer's.

14. On or about August 15th, 2017 Ms. Hunter was named the representative payee of Ms. Galloway by the SSA.  This designation allowed her to receive her mothers' SSA benefits directly, for her mother's benefit.

15. Alicia Sykes, Ms. Galloway's other daughter, and Ms. Hunter's sister sent false information to the Social Security Administration, alleging that Ms. Hunter was stealing money from Trucila Galloway.  These claims are false, and Ms. Hunter adamantly denies them.

16. Ms. Hunter informed SSA that these allegations were false and was subjected to audit by the SSA.  She passed this audit.

17. On or about September, or October 2017 Ms. Hunter was removed as representative payee for Ms. Galloway.

18. Alicia Sykes was named representative payee despite lying and committing fraud against Ms. Hunter.  Ms. Sykes does not reside in the United States but is still receiving Ms. Galloway's benefits.

19. At all times relevant to this action Galloway (a) suffered from one or more physical impairments which substantially limits one or more major life activities, (b) has a record of being disabled, and/or (c) was perceived by Defendant's as substantially limited in one or more major life activities. Specifically Ms. Galloway suffers from dementia, which has the following physical and psychological symptoms: Personality changes, depression, anxiety, inappropriate behavior, paranoia, agitation, hallucinations, memory loss, which is usually noticed by a spouse or someone else, difficulty communicating or finding words, difficulty with visual and spatial abilities, such as getting lost while driving, difficulty reasoning or problem-solving, difficulty handling complex tasks, difficulty with planning and organizing, difficulty with coordination and motor functions, confusion and disorientation.

20. SSA was aware of Ms. Galloway's disabling medical conditions, and knew that Ms. Hunter held a duly executed, valid Power of Attorney.  SSA was aware that Ms. Hunter held this Power of Attorney and that Ms. Galloway needed Ms. Hunter to handle her financial affairs because she was not capable of handling these financial issues herself.

21. SSA refused to accept Ms. Hunter as Ms. Galloway's representative payee and did not take into consideration the mental limitations of Ms. Galloway in evaluating the claims made against Ms. Hunter.

22. Additionally, the SSA refused to accept exculpatory evidence from Ms. Hunter that Alicia Sykes was making false, and defamatory accusations that were not based in fact, and that Ms. Sykes was taking advantage of the mental status, and disability of Ms. Galloway.

23. This failure to understand and accommodate Ms. Galloway's mental limitations amounts to discrimination under the ADA, and the accommodation of this disability would not cause an undue burden, or cause the representative payee program to be unworkable.

24. Plaintiffs did not file an appeal of this determination as the Administration did not comply with 42 U.S.C. § 1009 which states in relevant part that The Commissioner of Social Security shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be a qualified individual and is in disagreement with any determination under this subchapter . . .

25. Furthermore, U.S.C. 1007(g)(2)(B) states that any notice required by paragraph (1) (of 42 U.S.C. 1007(g)(1))shall be clearly written in language that is easily understandable to the reader, shall identify the person to be designated as the qualified individual's representative payee, and shall explain to the reader the right under subsection (f) of the qualified individual or of the qualified individual's legal guardian or legal representative—**(B)** to appeal the designation of a particular person to serve as the representative payee of the qualified individual;

26. 42 U.S.C. § 1009 is inapplicable to this suit as Defendant never sent the required notice of determination to Plaintiffs and did not provide Plaintiffs with notice of their rights to a hearing or an opportunity to be heard on the determination that Carmen Hunter could not be Trucilla Galloway's representative payee. As a result, Plaintiffs are not required to go to a hearing before the Commissioner before commencing suit against Defendant.

27. Furthermore, SSA's compliance with the nondiscrimination requirements of the ADA is a condition of its compliance with Section 504.

28. SSA discriminated against Plaintiff solely on the basis of disability in violation of title II and Section 504 because it failed to provide Plaintiff with required accommodations, *i.e.,* it failed to make required "reasonable modifications to rules, policies, or practices" and it failed to provide required "auxiliary aids and services."

29. The failure by SSA to provide Plaintiff with required accommodations was intentional and proximately caused Plaintiff economic and non-economic damages.

30. Plaintiffs has performed all conditions precedent necessary to the maintenance of this action.

31. Plaintiffs has been damaged by Defendant's illegal conduct and, as a result has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

### COUNT I – CLAIMS FOR RELIEF UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND THE DECLARATORY JUDGEMENT ACT

32. This is an action seeking compensatory damages, injunctive relief, and declaratory relief under title II of the Americans with Disabilities Act of 1990, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

33. Plaintiffs realleges all allegations contained in all paragraphs occurring before Count I as if fully set forth in this count and incorporates them by reference.

34. SSA intentionally discriminated against Plaintiff, Trucilia Galloway solely on the basis of her disability in violation of the ADA and the regulations thereunder.

35. As a direct and proximate result of SSA's intentional discrimination against Plaintiff, Trucila Galloway solely on the basis of her disability in violation of the ADA, the Plaintiff, Trucila Galloway suffered a violation of her civil liberties.

36. As a result of SSA's intentional discrimination based solely on Plaintiff, Trucila Galloway's disabilities, it is liable to her for compensatory damages, injunctive relief, and declaratory relief pursuant to ADA § 203 and 28 U.S.C. § 2201.

37. SSA is liable to Plaintiff, Trucila Galloway for her reasonable attorney's fees, costs and expenses pursuant to ADA § 505.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs which provide training for individuals and which eradicate the effects of its past and present unlawful practices;

B. Grant a judgment requiring Defendant to make Carmen Hunter the representative payee for Trucilla Galloway.

C. Grant Plaintiffs their costs and an award of reasonable attorney's fees (including expert fees); and

D. Any other relief the Court deems equitable and necessary.

### COUNT II- CLAIM FOR RELIEF FOR VIOLATIONS OF 20 CFR § 404.2202 AND THE DECLARATORY JUDGEMENT ACT

This is an action seeking compensatory damages, injunctive relief, and declaratory relief under 20 CFR § 404.2202, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

38. Plaintiffs realleges all allegations contained in all paragraphs occurring before Count I as if fully set forth in this count and incorporates them by reference.

39. Title 20 section 404.2202 lists out several reasons for why a representative payee may be dismissed. None of these reasons are applicable to Ms. Hunter.

40. SSA improperly relied on false, baseless information from Alicia Sykes, and failed to honor a duly executed, valid, binding, Power of Attorney.

41. As a result of SSA wrongful conduct, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Declare Defendant's conduct to be in violation of the 20 CFR § 404.2202 and order Defendant to make Carmen Hunter the representative payee for Trucilla Galloway.

C. Grant Plaintiffs their costs and an award of reasonable attorney's fees (including expert fees); and

D. Any other relief the Court deems equitable and necessary.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**POSTILLION LAW GROUP, LLC**

By**:** **/s/ Christopher J. Kinnaman, Esquire**
Christopher J. Kinnaman, Esquire
Florida Bar No.:0114609
Chris@Postillionlaw.com
12724 Gran Bay Parkway West, Suite 410
Jacksonville, Florida 32258
Telephone: (904) 615-6621
Facsimile (888) 399-6710
Counsel for Plaintiff