UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARMEN HUNTER, an individual,
CARMEN HUNTER, o/b/o
TRUCILLA A. GALLOWAY,

    Plaintiff,

v.                                              CASE NO. 3:19-cv-1021-J-34JBT

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Opposed Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") (Doc. 21) and Plaintiff's Response thereto (Doc. 25). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 35.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Motion be **GRANTED** and that Plaintiff's Second Amended Complaint ("SAC") (Doc. 20) be **DISMISSED** for lack of subject matter jurisdiction.[2]

## I. Summary of Recommendation

In sum, Plaintiff Carmen Hunter ("Hunter") seeks judicial review of the Commissioner's decision denying her request to be representative payee for her mother Trucilla A. Galloway's ("Galloway") social security benefits. (Doc. 20.) Hunter alleges that the Commissioner wrongly removed her as Galloway's payee after her sister, Alicia Sykes ("Sykes"), falsely accused her of misusing Galloway's funds. (*Id.*) Hunter further alleges that the Commissioner then wrongfully appointed Sykes as Galloway's payee. (*Id.*)

Hunter purports to bring this action both on her own behalf and on behalf of Galloway. (*Id.* at 1.) Hunter cannot bring this action on her own behalf because the Commissioner's decision to deny her request to be Galloway's representative payee is not judicially reviewable. *See* 20 C.F.R. § 404.903(c). Hunter cannot bring this action on Galloway's behalf because Galloway has not exhausted her administrative remedies. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) ("The claimant may seek review in a federal court of 'any final decision of the Commissioner of Social Security,' 42 U.S.C. § 405(g), only after exhausting [all] administrative remedies.").

Hunter attempts to circumvent the exhaustion requirement by alleging that

---

[2] Because the Court lacks subject matter jurisdiction, any further amendment of the SAC would be futile.

2

Galloway did not receive adequate notice of the Commissioner's decision to remove her as payee. (*See* Doc. 20 at 5–6.) However, the applicable regulations specifically provide an administrative remedy for lack of adequate notice, i.e., an extension of time to request reconsideration. *See* 20 C.F.R. §§ 404.909(b), 404.911(b)(6) & (7).

In addition, Hunter attempts to skirt the exhaustion requirement by purporting to bring her claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. (*See* Doc. 20 at 1, 6–7.) However, these acts do not provide a basis for jurisdiction. With very limited exceptions not present here, 42 U.S.C. § 405(g) is the sole avenue for obtaining judicial review of the Commissioner's decisions. *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327–28 (1976). Thus, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

## II. Background

According to the SAC, on or about August 15, 2017, the Commissioner selected Hunter to be the representative payee for Galloway's social security benefits after Galloway was diagnosed with Alzheimer's disease. (Doc. 20 at 3.) It appears that on the same day, Galloway executed a Durable Power of Attorney ("POA") in favor of Hunter. (Doc. 20-1)[3]  In September or October 2017, Hunter

---

[3] Although the validity of this POA is not before the Court, it is worth noting that the SSA had already received a note from a doctor on June 30, 2017 stating that Galloway

3

was removed as Galloway's payee due to false allegations of misuse made by Sykes, who was then appointed payee.  (Doc. 20 at 3–4.)

Hunter contends that she was not initially aware that Sykes had been appointed payee. (Doc. 25 at 2.)  However, "[a]fter receiving several letters in the mail from the SSA [Social Security Administration]," she went to her local Social Security office and was informed of the decision.  (Doc. 26 at 2.)  Hunter claims that the staff did not inform her or Galloway of any right to appeal or challenge the decision but instead told her "there was absolutely nothing they could do."  (*Id.* at 3.)

On May 30, 2019, Hunter reapplied to serve as Galloway's payee but was not selected because the misuse investigation was still pending.  (*Id.*; Doc. 22 at 2.)  On August 20, 2019, the SSA concluded its investigation and determined that Hunter had not misused Galloway's funds, but that she "just did not understand the duties and responsibilities of serving as payee."  (Doc. 22 at 3.)    Instead of reapplying again to serve as Galloway's payee, Hunter filed this case on August 29, 2019, only nine days after the investigation had concluded.  (*See* Doc. 1.)

---

had been diagnosed with Alzheimer's disease. (Doc. 22 at 1.)  Moreover, the POA is not binding on the Commissioner in determining a payee.  "For Social Security purposes, a power of attorney isn't an acceptable way to manage a person's monthly benefits.  Social Security recognizes only the use of a designated representative payee for handling the beneficiary's funds." Social Security Administration, *A Guide for Representative Payees*, Publication No. 05-10076, 2 (Dec. 2019), https://www.ssa.gov/pubs/EN-05-10076.pdf.  *See also Guzman v. Comm'r of Soc. Sec.*, 182 F. Supp. 2d 216, 219 (D.P.R. 2002) ("[I]f a payee is appointed, [the Commissioner has wide discretion to] select as a payee whomever the Commissioner deems will serve the best interests of the recipient.").

4

### III. Legal Principles

#### A. Jurisdictional Attacks

Plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A party may attack subject matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is facial, the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at 1529 (quotations omitted).

In support of his jurisdictional argument, the Commissioner relies on extrinsic evidence, including two declarations from SSA employees. (*See* Docs. 22 & 23.) Hunter does not dispute any of the facts contained in those affidavits. Thus, although the Commissioner's attack is factual, the Court need not decide any disputed facts.

#### B. Federal Court Review of Social Security Decisions In General

In general, 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies, is the sole avenue for judicial review of the Commissioner's decisions.

5

*See Heckler v. Ringer*, 466 U.S. 602, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327–28 (1976).  Section 405(g) of Title 42 provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

Further, 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  *No* findings of fact or *decision* of the Commissioner of Social Security *shall be reviewed* by any person, tribunal, or governmental agency *except as herein provided*.  *No action* against the United States, the Commissioner of Social Security, or any officer or employee thereof *shall be brought under section 1331* or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

"On its face [Section] 405(g) . . . bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Eldridge*, 424 U.S. at 328 (noting, however, that the requirement of administrative exhaustion may be waived).  "A claimant obtains the Commissioner's 'final decision' after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ;

6

and (4) Appeals Council review." *Wright v. Colvin*, Case No. 3:12-cv-1007-J-32TEM, 2013 WL 5567409, at *3 (M.D. Fla. Oct. 9, 2013).

**IV.	Analysis**

As set forth below, Hunter cannot challenge the Commissioner's representative payee decision on her own behalf in federal court. In fact, she is not even entitled to administrative review of that decision. Only Galloway may challenge that decision. Hunter may be able to do so on Galloway's behalf, but Galloway must first exhaust her administrative remedies. She has not done so. Thus, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

**A.	Hunter Cannot Challenge the Commissioner's Representative Payee Decision on Her Own Behalf**

The applicable federal regulation and case law make clear that Hunter cannot challenge the SSA's decision to remove her as payee. Nor can she challenge the SSA's decision to make Sykes payee. Only Galloway can obtain administrative and judicial review of the decision regarding who will be her payee.[4]

Section 404.903(c) of Title 20 of the Code of Federal Regulations provides:

> Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart, and they are not subject to judicial review. These actions

---

[4] The undersigned recognizes that Galloway may not be competent and that Hunter may be able to act on her behalf in challenging the payee decision. However, the undersigned may refer to Galloway in her own name for purposes of clarity.

> include, but are not limited to, an action . . . [d]enying a request to be made a representative payee; . . . .

20 C.F.R. § 404.903(c).

Numerous cases, both within and outside this district, recognize and apply this regulation. *See, e.g.*, *Reyes v. United States*, Case No. 8:08-cv-452-T-23EAJ, 2008 WL 2439875, at *2 (M.D. Fla. June 13, 2008) ("Pursuant to sections 404.9[0]3(c) and 416.1403(a)(3), [the Commissioner's] denial of Reyes's application to become a representative payee of the thirty-five residents' Social Security benefits was not an initial determination subject to the administrative review process and to judicial review.");[5] *Jones v. Soc. Sec. Admin.*, 256 F. App'x 68 (9th Cir. 2007) ("Social Security Administration regulations bar judicial review of an order '[d]enying a request to be made a representative payee.' 20 C.F.R. § 404.903(c).");[6] *Graves v. Soc. Sec. Admin.*, Case No. 12-1208-JDT, 2013 WL 4499123, at *2 (W.D. Tenn. Aug. 20, 2013) ("[T]he SSA's decision to deny Plaintiff's request to be a representative payee for his minor child . . . is not subject to judicial review under the applicable regulations and 42 U.S.C. § 405(g)."); *Jackson v. United States*, Case No. 07 CV 7216, 2008 WL 4089540, at *4 (N.D. Ill. Aug. 21, 2008) ("Administrative and judicial review of representative payee

---

[5] Further, in accordance with *Reyes*, it is questionable whether Hunter even has standing to bring her own claim. *See Reyes*, 2008 WL 2439875, at *2 (holding that plaintiff seeking payee status "fails to allege a distinct injury to himself").

[6] Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

decisions are only available to beneficiaries who are dissatisfied with the Commissioner's decision."). In light of the above authorities, the undersigned recommends that Hunter is not entitled to judicial review of the Commissioner's representative payee decision on her own behalf.

### B. Galloway Has Failed to Exhaust Her Administrative Remedies

Pursuant to 42 U.S.C. § 405(j)(2)(E)(i):

> Any individual who is dissatisfied with a determination by the Commissioner of Social Security to certify payment of *such individual's* benefit to a representative payee . . . shall be entitled to a hearing by the Commissioner of Social Security to the same extent as is provided in subsection (b), and to judicial review of the Commissioner's final decision as is provided in subsection (g).

*Id.* (emphasis added).

Thus, Galloway does have an avenue for judicial review. However, in order to obtain such review, she must first exhaust her administrative remedies. *See, e.g., Tutuianu v. Comm'r of Soc. Sec.*, Case No. 06 CV 2823 JG, 2007 WL 1875556, at *1 (E.D.N.Y. June 29, 2007) (holding that the court did not have jurisdiction to review the Commissioner's representative payee decision because the plaintiff "has not demonstrated that he presented his claim for a hearing by an administrative law judge or review by the Appeals Council"); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 932 (N.D. Cal. 1997) (holding that plaintiffs must "submit their representative payee claims to the Commissioner before" seeking judicial review).

Here, as acknowledged in the SAC, Galloway did not request

9

reconsideration of the decision appointing Sykes as her payee. (Doc. 20 at 5.) Even when Hunter was cleared of misuse of her benefits by the SSA, Galloway did not thereafter challenge the SSA's payee determination. Rather, she, or more precisely Hunter on her behalf, immediately filed the subject lawsuit. Thus, the undersigned recommends that because Galloway has failed to exhaust her administrative remedies, 42 U.S.C. § 405(g) bars judicial review at this time.

In arguing that the exhaustion requirement should not apply, Plaintiff alleges that "Defendant never sent the required notice of determination to Plaintiffs [sic] and did not provide Plaintiffs with notice of their rights to a hearing or an opportunity to be heard on the determination that Carmen Hunter could not be Trucilla Galloway's representative payee." (Doc. 20 at 5–6.)

42 U.S.C. § 405(j)(2)(E) provides in relevant part:

> In advance of the certification of payment of an individual's benefit to a representative payee under paragraph (1), the Commissioner of Social Security shall provide written notice of the Commissioner's initial determination to certify such payment. . . . Any notice described in clause (ii) . . . shall identify the person to be designated as such individual's representative payee, and shall explain to the reader the right . . . to appeal the designation of a particular person to serve as the representative payee of such individual . . . .

42 U.S.C. § 405(j)(2)(E).

Thus, Galloway was entitled to notice of the payee decision. However, even if she did not receive proper notice, administrative remedies were still available to her. Section 404.909(b) of the applicable regulations specifically allows for

10

extensions of time to request reconsideration premised on good cause. It provides:

> If you want a reconsideration of the initial determination but do not request one in time, you may ask us for more time to request a reconsideration. Your request for an extension of time must be in writing and must give the reasons why the request for reconsideration was not filed within the stated time period. If you show us that you had good cause for missing the deadline, we will extend the time period. To determine whether good cause exists, we use the standards explained in § 404.911.

20 C.F.R. § 404.909(b).

Section 404.911 specifically recognizes lack of adequate notice as a ground for good cause: "Examples of circumstances where good cause may exist include, but are not limited to, the following situations: . . . (6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit. (7) You did not receive notice of the determination or decision." 20 C.F.R. § 404.911(b)(6) & (7).

Thus, Galloway still had an administrative remedy available to her, which she failed to exhaust. She could have simply requested more time to seek reconsideration. Moreover, Hunter herself recognizes that she was able to reapply to be Galloway's payee in 2019. (Doc. 26 at 3.) She "was not selected due to the pending misuse investigation." (Doc. 22 at 2.) There appears no reason why she did not reapply again once the investigation had concluded, rather than

11

immediately filing this lawsuit in federal court.[7] Thus, the undersigned recommends that any purported lack of notice does not excuse Galloway's failure to exhaust her administrative remedies. *See Laurie Q.*, 973 F. Supp. at 932 ("The fact that the Commissioner may have failed to properly follow the Act does not necessarily suggest that plaintiffs need not first present their representative payee claims to the SSA.").

### C. No Jurisdiction Under the Rehabilitation Act or the Declaratory Judgment Act

Neither the Rehabilitation Act nor the Declaratory Judgment Act provide a basis for jurisdiction. The jurisdictional basis for a district court to hear a claim under Section 504 of the Rehabilitation Act is 28 U.S.C. § 1331, i.e., federal question jurisdiction. *Armstead v. Pingree*, 629 F. Supp. 273, 277 (M.D. Fla. 1986) ("Plaintiffs have alleged and it is clear that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate the § 504 claim arising under the federal statutes.").[8] Nevertheless, as previously stated, 42 U.S.C. § 405(h) provides that

---

[7] Plaintiff claims and argues that Galloway is suffering irreparable harm with Sykes as her payee. (Doc. 25 at 11–12; Doc. 26 at 3–4.) The plausibility of Plaintiff's supporting allegations appears questionable, especially considering that Sykes has been Galloway's payee now for over two years. (Doc. 22 at 2–3.) Nevertheless, even assuming the truth of these allegations, 20 C.F.R. § 404.2050 provides in part that when "we learn that your interest is not served by sending your benefit payment to your present representative . . . we will promptly stop sending your payment to the payee." 20 C.F.R. § 404.2050. Moreover, the SSA did act quickly in removing Hunter as payee when Sykes made allegations against her. (Doc. 22 at 2.)

[8] The SAC also references 28 U.S.C. § 1343 as a jurisdictional basis. (Doc. 20 at 1.) However, Plaintiff cannot bring a civil rights claim against the Commissioner under 28 U.S.C. § 1343. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979) (stating that "[t]he Social Security Act does not deal with the concept of 'equality' or with

"[n]o action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 . . . of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h).

The undersigned recommends that a challenge to a claimant's payee designation "arises under" the Social Security Act.  In a similar case in which plaintiffs were challenging their representative payee designations, the court noted that the predecessor statute to 42 U.S.C. § 405(j)(2)(E)(i) similarly provided for judicial review of a payee decision, and held: "This is clearly a claim 'arising under' subchapter II of the SSA.  Thus, jurisdiction may not lie under section 1331."  *Laurie Q.*, 973 F. Supp. at 934.  Therefore, the court rejected as a basis for jurisdiction all of the following: mandamus, federal question under 28 U.S.C. § 1331, civil rights under 28 U.S.C. § 1343, and the Declaratory Judgment Act.  *Id.* at 928–36.

*See also Bruce v. Azar*, 389 F. Supp. 3d 716, 723 (N.D. Cal. 2019) ("Plaintiff cannot circumvent the bar of § 405(h) by imbu[ing] his claims with federal question jurisdiction, as that would render meaningless the jurisdiction restriction of § 405(h).") (quotations omitted) (and cases cited therein); *Quick v. Astrue*, Case No. 3:12-cv-76-J-32JBT, 2012 WL 3655657, at *3 (M.D. Fla. Apr. 9, 2012) ("[T]he Court is expressly prohibited from hearing any Section 504 claim Plaintiff may wish to allege based on denial of SSA benefits."), report and recommendation adopted, *Quick v. Astrue*, Case  No. 3:12-cv-76-J-32JBT, 2012 WL 3637158 (M.D. Fla. Aug.

---

the guarantee of 'civil rights,'" and "does not fall within the terms of either [28 U.S.C.] § 1343(3) or (4)").

23, 2012). In sum, the undersigned recommends that, pursuant to 42 U.S.C. § 405(h), Section 504 of the Rehabilitation Act does not provide a basis for subject matter jurisdiction in this case.

Finally, "[b]ecause the Declaratory Judgment Act . . . confers no additional subject-matter jurisdiction in the federal courts, invoking that statute does not confer jurisdiction where it was lacking." *Jackson,* 2008 WL 4089540, at *4. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 17 (1983) ("[T]he Declaratory Judgment Act was intended to affect only the remedies available in a federal district court, not the court's jurisdiction . . . ."); *Holden v. Heckler*, 584 F. Supp. 463, 485 (N.D. Ohio 1984) ("As for 28 U.S.C. §§ 2201 and 2202, they provide no independent basis of subject matter jurisdiction for a federal court."). Accordingly, neither the Rehabilitation Act nor the Declaratory Judgment Act give this Court subject matter jurisdiction.

## V. Conclusion

In sum, Hunter is not entitled to judicial or administrative review of the Commissioner's representative payee decision. Although Galloway can challenge the decision, she cannot seek judicial review until she exhausts her administrative remedies, which she has not done. Accordingly, the undersigned recommends that the Motion be granted and the SAC be dismissed for lack of subject matter jurisdiction.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 21**) be **GRANTED**.

2. The case be **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk of Court be directed to terminate any deadlines and motions, and administratively close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on July 8, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

15